UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CARRIE REBECCA JONES ) | Case No. 05-14343-SSM |
| ) | Chapter 7 |
| Debtor ) | |

**MEMORANDUM OPINION
ON MOTION FOR CLARIFICATION OF DISCHARGE INJUNCTION**

This matter is before the court in response to a request from the Circuit Court of Loudoun County, Virginia—which this court has treated for procedural purposes as a motion by the debtor—to determine the effect of the discharge injunction on a personal injury suit brought against the debtor by Elana Byer. A hearing was held on August 2, 2006, at which counsel for the debtor and for Ms. Byer were present. The question to be decided is whether the discharge injunction requires that the prayer for damages be limited to the amount of available insurance coverage. Under the specific facts of this case, the court concludes that it does not.

Background

Carrie Rebecca Jones ("the debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on October 9, 2005, and received a discharge of her dischargeable debts on January 27, 2006. The trustee having in the interim filed a report of no distribution, the case was closed on February 2, 2006. While the case was open, Elana Byer brought a motion for relief from the automatic stay in order to prosecute a pending

1

personal injury action against the debtor in the Circuit Court of Loudoun County, Virginia.[1]  The motion, after reciting the existence both of liability insurance and under-insured coverage, represented that Ms. Byer did not, "[a]t this point in time . . . seek to have a money judgment entered against Debtor for purposes of enforcement of the judgment against her," but that she reserved the right to file an adversary proceeding "to have any such judgment declared non-dischargeable."  Motion, ¶ 8.  The motion concluded with the prayer that Ms. Byer be granted relief from the automatic stay "so that she might pursue the pending lawsuit ... and have the issues of liability and damages determined, and that she might enforce her right to compensation from Debtor's insurance carrier and Movant's insurance carrier."  Motion, ¶ 9.  The motion was resolved by a consent order entered January 9, 2006, granting relief from the automatic stay

> to pursue an action in the Loudoun County Circuit Court and to have the issues of liability and damages determined, so that [Ms. Byer] might enforce her right to compensation from Debtor's insurance carrier and Movant's insurance carrier[.]

The order additionally stated that "nothing herein precludes Movant from filing an adversary proceeding pursuant to 11 USC Sec. 523(a)(9)."

The state court lawsuit, which had been stayed as a result of the bankruptcy filing, was placed back on the docket.  The debtor then filed a motion in the state court to reduce Ms. Byer's *ad damnum* to the amount of the available insurance coverage.  The state court, after hearing the argument of the parties, issued an order on April 13, 2006, requesting an

---

[1] The action, which had been filed on February 17, 2005, was entitled *Elana Byer v. Carrie R. Jones*, At Law No. 33443.  It sought $250,000 in damages for personal injuries suffered by Ms. Byer as a result of an automobile accident that occurred on October 17, 2004, while Ms. Byer was a passenger in an automobile being driven by the debtor.

2

opinion from this court whether the order granting relief from the automatic stay "limits any damage award to the amount of the available insurance coverage or is Plaintiff entitled to pursue this action without any limitation or restriction on the amount of any judgment up to the amount sued upon in the Motion for Judgment." Order Seeking Opinion From U.S. Bankruptcy Court at 3. A certified copy of that order was filed with the clerk of this court on July 14, 2006. In response, this court entered an order on July 18, 2006, reopening the debtor's case and treating the state court order (because it was issued in response to the debtor's motion to reduce the *ad damnum*) as the equivalent of a motion by the debtor for clarification of the discharge injunction.

<u>Discussion</u>

I.

Although the question as formulated by the state court focuses on the order granting relief from the automatic stay, the real issue is not the automatic stay, but rather the discharge injunction. The filing of a bankruptcy petition operates as a stay of a broad range of creditor activity, including "the commencement or continuation ... of a judicial ... action or proceeding against the debtor that would or could have been commenced before the commencement of the [bankruptcy] case ... or to recover a claim against the debtor that arose before the commencement of the [bankruptcy ] case[.]" 11 U.S.C. § 362(a)(1). With certain exceptions not relevant here, the automatic stay applies to all civil suits against the debtor, regardless of whether the underlying liability is dischargeable or nondischargeable. This is consistent with the purpose of the automatic stay, which is to give the debtor a breathing spell and to prevent a race by creditors against the debtor's assets until such time

3

as the bankruptcy court can sort out the respective interests of the debtor, the bankruptcy estate, and creditors. The automatic stay, however, is not permanent. On motion of an affected party, it may be terminated, annulled, modified, or conditioned. 11 U.S.C. § 362(d). But even in the absence of such relief, the automatic stay terminates, as to actions against the debtor or property of the debtor, when the debtor is granted or denied a discharge, and, as to actions against property of the bankruptcy estate, when such property is no longer property of the estate. 11 U.S.C. § 362(c). With respect to dischargeable debts, however, the automatic stay is replaced by the discharge injunction. 11 U.S.C. § 524(a). Specifically, a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor[.]" 11 U.S.C. § 524(a)(2). The discharge also voids any judgment—whether obtained before or after the discharge—"to the extent that the judgment is a determination of the personal liability of the debtor with respect to a debt discharged[.]" 11 U.S.C. § 524(a)(2).

II.

The question, then, is what debts are discharged. In a chapter 7 case filed by an individual debtor "all" debts that arose before the date of the bankruptcy petition are discharged except for the debts specified in 11 U.S.C. § 523(a). *See* 11 U.S.C. § 727(b). The discharge order does not list the specific debts that are discharged or excluded from discharge. A determination of whether a particular debt is excluded from discharge is made in a separate proceeding, either in the bankruptcy court or, in some cases, by the court

having jurisdiction over the underlying claim. Such a determination may be made either before or after the discharge has been issued.

On the date the debtor's bankruptcy petition was filed, there were 19 categories of non-dischargeable debts that applied to individual debtors in a chapter 7 case. 11 U.S.C. § 523(a)(1) through (19). With respect to four of those categories, only the bankruptcy court could make a determination of dischargeability, and any complaint to determine dischargeability had to be filed within 60 days of the meeting of creditors. 11 U.S.C. § 523(c); Fed.R.Bankr.P. 4007(c). The debts subject to this rule are debts arising from false pretenses, false representations, or actual fraud; debts arising from larceny, embezzlement, or fiduciary defalcation; debts arising from willful and malicious injury to person or property; and obligations other than support obligations arising from a marital property settlement or divorce decree. 11 U.S.C. § 523(a)(2), (4), (6), and (15).[2] With respect to all other categories of non-dischargeable debts, a complaint to determine dischargeability may be brought "at any time." Fed.R.Bankr.P. 4007(b). Additionally, a determination of dischargeability for those kinds of debts is not restricted to the bankruptcy court but may be made by the court having jurisdiction over the underlying claim.

Among the debts excluded from discharge are debts "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C.

---

[2] This has been somewhat changed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8. ("BAPCPA") for cases filed on or after October 17, 2005. Under BAPCPA, debts alleged to be excepted from discharge under 11 U.S.C. § 523(a)(15) are no longer subject to the restrictions of 11 U.S.C. § 523(c) and Rule 4007(c).

§ 523(a)(9).[3] Although the original motion for judgment filed by Ms. Byer in state court did not allege that the debtor was legally intoxicated at the time of the accident, the court is advised that the motion for judgment has since been amended to include such an allegation. Additionally, the order granting relief from the automatic stay specifically preserved Ms. Byer's right to file an adversary proceeding to determine whether the debt was excluded from discharge under 11 U.S.C. § 523(a)(9). Because such a debt is not of the type specified in § 523(c), a complaint to determine dischargeability may be brought "at any time." Although the language of the relief from stay order specifically referenced only Ms. Byer's right to "enforce her right to compensation from Debtor's insurance carrier and Movant's insurance carrier," the automatic stay—which is what the order addressed—terminated once the debtor received her discharge. At the present time, therefore, the relevant restriction on Ms. Byer's enforcement of her claim is not the relief from stay order but rather the discharge injunction. Nothing in the discharge injunction prevents a creditor from suing a debtor on a non-dischargeable debt, or, for that matter, naming the debtor as a nominal defendant in a suit to recover even a dischargeable debt so long as the judgment will not be enforced against the debtor.[4]

---

[3] This category has been expanded by BAPCPA to include operation of a vessel or aircraft in addition to a motor vehicle.

[4] It should be pointed out, however, that a creditor who proceeds outside the bankruptcy court without first seeking a determination of dischargeability or relief from the discharge injunction runs the risk of being held in contempt for violation of the discharge injunction if the debt is determined to be dischargeable. *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176 (Bankr. E.D. Va. 2000). Hence, plaintiffs are well advised in doubtful cases to seek relief from the discharge injunction in the bankruptcy court prior to commencing suit in another forum.

In the present case, even if Ms. Byer's claim against the debtor is dischargeable, she may, without violating the discharge injunction, continue with her suit in order to establish liability and damages and to seek payment of the judgment, if she obtains one, from available insurance policies.  In addition, because Ms. Byer has alleged facts that, if proven, could result in a determination that the claim is non-dischargeable, she is not limited in her proof of damages to the amount of the available insurance coverage.  However, to the extent that she recovers a judgment in excess of the available insurance coverage but is unsuccessful in having the judgment determined to be nondischargeable, she will be required to mark the judgment satisfied once she has recovered from the insurance policies.

A separate order will be entered consistent with this opinion.

Date: _____          _____
                                        Stephen S. Mitchell
Alexandria, Virginia                    United States Bankruptcy Judge

Copies to:

Joseph Cammarata, Esquire
Chaikin & Sherman, P.C.
1232 Seventeenth Street, N.W.
Washington, DC  20036
Counsel for Elana Byer

Michael E. Thorsen, Esquire
Trichilo, Bancroft, McGavin, Horvath & Judkins, P.C.
P.O. Box 22
Fairfax, VA  22038-0022
Counsel for Erie Insurance Exchange

Nancy Goodiel, Esquire
Robey, Teumer & Drash
3975 Fair Ridge Drive, Suite 410 N
Fairfax, VA  22033
Counsel for Carrie R. Jones

Carrie Rebecca Jones
6300 Cullen Place
Haymarket, VA  20169
Debtor

Nathan Fisher, Esquire
3977 Chain Bridge Road, #2
Fairfax, VA  22030
Counsel for the debtor